[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 6, 2009
THOMAS K. KAHN
CLERK

No. 08-12242
Non-Argument Calendar
_____

D. C. Docket No. 06-01092-CV-GET-1

BRIAN J. JENNER,

Plaintiff-Appellant,

versus

BANK OF AMERICA CORPORATION,
BANC OF AMERICA INVESTMENT SERVICES, INC.,
BANK OF AMERICA, NATIONAL ASSOCIATION,

Defendants-Appellees,

MICHAEL DEGOLIAN,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(January 6, 2009)**

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Brian Jenner appeals the summary judgment against his complaint of age discrimination. Jenner contends that the proffered reasons for his termination were a pretext for age discrimination. He also appeals the denial of his motion for reconsideration of costs taxed against him. See 28 U.S.C. § 1920. We affirm.

## I.  STANDARDS OF REVIEW

Two standards of review govern this appeal. First, this Court reviews a summary judgment de novo. Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1357 (11th Cir. 1999). A district court should enter a summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)); see Celotex Corp v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In examining the record, we view the evidence in the light most favorable to the non-moving party. See Damon, 196 F.3d at 1358. Second, this Court reviews an award of costs for abuse of discretion. Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000).

## II.  DISCUSSION

Our discussion is divided in two parts. We first address Jenner's contention

2

that the proffered reasons stated for his termination were a pretext for age discrimination. We then address whether the district court abused its discretion when it awarded costs to the Bank as the prevailing party.

*A. Age Discrimination*

To support his claim of age discrimination, Jenner relies on circumstantial evidence and the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). See Pennington v. City of Huntsville, 261 F.3d 1262, 1269 (11th Cir. 2001). Under that framework, Jenner established a prima facie case of age discrimination, and the Bank articulated several nondiscriminatory reasons for his termination. Jenner then had to "introduce significantly probative evidence that the asserted reason is merely a pretext for discrimination." Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (citation and quotations omitted).

Jenner attempts to satisfy his burden of proving pretext in two ways. He first contends that "a discriminatory reason more likely motivated" his termination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256, 101 S. Ct. 1089, 1905 (1981). He also argues that "the employer's proffered reason is unworthy of credence." Id. Both arguments fail.

Jenner argues that DeGolian's comment that Jenner should have his

3

photograph airbrushed proves that DeGolian was more likely motivated by discriminatory animus when he agreed with the decision to terminate Jenner, but we disagree. DeGolian's comment was made about a month after Jenner's hiring regarding a photograph to accompany a press release about the hiring, and DeGolian's recommendation was the decisive factor in hiring Jenner. DeGolian's comment also was made three or four months before Jenner's termination and was totally unrelated to Jenner's termination. DeGolian's remote comment does not suggest anything about his state of mind when he agreed months later with the group decision to terminate Jenner's employment. Reading this comment "in conjunction with the entire record" and "consider[ing] [it] together with" the other evidence presented, DeGolian's isolated and remote comment does not provide substantial evidence of discriminatory animus. Ross v. Rhodes Furniture, 146 F.3d 1286, 1291 (11th Cir. 1998).

Jenner also contends that the favorable treatment of Lauren Henry, a participant in one of Jenner's violations of Bank policy, is evidence of pretext, but we disagree. "[T]he 'work rule' defense is arguably pretextual when a plaintiff submits evidence . . . [that] other employees outside the protected class, who engaged in similar acts, were not similarly treated." Damon, 196 F.3d at 1363. "To satisfy the similar offense prong, the comparator's misconduct must be nearly

4

identical to the plaintiff's . . . to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001). Although Henry participated in a violation of a Bank policy with Jenner, her participation was minor, and she did not engage in any of Jenner's other numerous violations of Bank policy. Because Henry and Jenner did not engage in "similar acts," evidence that Henry was treated more favorably than Jenner is not evidence of pretext.

Jenner also contends that the reasons proffered by the Bank are unworthy of credence, but this argument fails. The Bank terminated Jenner for multiple violations of Bank policy, including attempting to provide insurance advice to clients, using planning software and materials without authority, receiving trail commissions from undisclosed sources, sharing private client information with his son and creating marketing materials without authority. Jenner admitted that he had a client sign a blank form relating to the client's insurance, he failed to cancel all appointments with insurance carriers, and he accessed a computer program without authority. We have repeatedly stated that "[a] plaintiff is not allowed to . . . substitute his business judgment for that of the employer" and that "[p]rovided that the proffered reason is one that might motivate a reasonable employer, [the plaintiff] must meet that reason head on and rebut it, and [he] cannot succeed by

5

simply quarreling with the wisdom of that reason." Chapman, 229 F.3d at 1030.

Even if Jenner could establish that he did not engage in the misconduct alleged by the Bank, Jenner has not presented evidence that the Bank did not honestly believe that he violated Bank policy on multiple occasions. "The factual issue to be resolved is not the . . . accuracy of [the employer's proffered reason.] We are not interested in whether the conclusion is correct one, but whether it is an honest one." Rojas v. Florida, 285 F.3d 1339, 1342 (11th Cir. 2002). "We are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision." Damon, 196 F.3d at 1361 (11th Cir. 1999). The testimonies of both the decisionmakers and Jenner's former clients supports the reasons of the Bank for Jenner's termination.

*B. Costs under Rule 54(d)(1)*

Jenner argues that he is indigent and the district court should not have awarded any costs, but this argument fails. Federal Rule of Civil Procedure 54(d)(1) provides that "costs - other than attorney's fees - should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). The rule "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." Chapman, 229 F.3d at 1039 (citing Delta Air

6

Lines, Inc. v. August, 450 U.S. 346, 351, 101 S. Ct. 1146, 1149 (1981)). Although a district court does not have to consider the financial status of a non-prevailing party in its award of costs, if it does so, the court "may not decline to award any costs at all." Id. The reduced award was the amount recoverable under the statute, see 28 U.S.C. § 1920, and the court did not abuse its discretion when it awarded costs to the prevailing party.

## III. CONCLUSION

The summary judgment and award of costs in favor of Bank of America are **AFFIRMED.**